# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 12-20066-19-KHV |
| THOMAS SETH HARRIS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On August 5, 2013, the Court started the trial of Thomas Harris and six co-defendants. On October 3, 2013, Gary Hart, counsel for Mr. Harris, informed court staff that he could not continue with trial the following week because of an unexpected medical development. The Court appointed Tom Bartee of the Federal Public Defender's Office for the limited purpose of assisting Mr. Harris and his counsel in determining how to proceed in light of Mr. Hart's illness. On defendant's motion, to avoid a mistrial, the Court recessed trial. Trial resumed on November 4 and continued through November 15. On November 18, the Court learned that Mr. Hart was hospitalized. The Court again asked Mr. Bartee to consult with defendant about how to proceed. After hearing argument and at defendant's request, the Court continued trial for two weeks to give Mr. Hart an opportunity to recover and continue with the case. At a hearing on December 2, 2013, the Court confirmed that Mr. Hart did not expect to be physically able to return to trial in the near future. Absent any alternative to protect the rights of Mr. Harris, and on his oral motion, the Court declared a mistrial as to Mr. Harris. This Memorandum And Order sets forth the Court's basis for its finding that a mistrial is necessary.

A defendant has a "valued right to have his trial completed by a particular tribunal." Wade v. Hunter, 336 U.S. 684, 689 (1949). As soon as the jury is sworn, defendant acquires a constitutional interest in having that jury see his case through to a conclusion. United States v. Shinault, 147 F.3d 1266, 1274 (10th Cir. 1988) (citing United States v. Martin Linen Supply Co., 430 U.S. 564, 569 (1977)). The Supreme Court has noted that a proceeding before a tribunal other than the one originally selected may be "grossly unfair." Arizona v. Washington, 434 U.S. 497, 503 (1978). A proceeding before a second tribunal "increases the financial and emotional burden on the accused, prolongs the period in which he is stigmatized by an unresolved accusation of wrongdoing, and may even enhance the risk that an innocent defendant may be convicted." Id. at 503-04. The Court cannot retry a defendant after declaring a mistrial *sua sponte*, unless the mistrial is justified by "manifest necessity." Id. at 505-06; United States v. Jorn, 400 U.S. 470, 485-87 (1971); United States v. Perez, 22 U.S. 579, 580 (1824).

When a defendant consents to a mistrial, double jeopardy will not bar a reprosecution. United States v. Bauman, 887 F.2d 546, 549 (5th Cir. 1989). Rule 26.3 of the Federal Rules of Criminal Procedure states as follows:

> Before ordering a mistrial, the court must give each defendant and the government an opportunity to comment on the propriety of the order, to state whether that party consents or objects, and to suggest alternatives.

Fed. R. Crim. P. 26.3. At the hearing on December 2, 2013, Mr. Bartee announced that Mr. Harris consented to a mistrial. Mr. Bartee stated that he did not believe that any other option would protect Mr. Harris's interests. The government also asked the Court to declare a mistrial. The Court agrees with the parties' assessment and finds a "manifest necessity" for declaring a mistrial as to Mr. Harris.

The authority to declare a mistrial must be "used with the greatest caution, under urgent circumstances, and for very plain and obvious causes." Perez, 22 U.S. at 580. The Court is mindful of defendant's valued right "of being able, once and for all, to conclude his confrontation with society through the verdict of a tribunal he might believe to be favorably disposed to his fate." Jorn, 400 U.S. at 486. The Court has considered less severe alternatives, but finds that none of the alternatives will adequately protect defendant's rights, the rights of remaining defendants and the public interest in a fair trial.

The Court considered a further continuance to allow Mr. Hart time to recover and return to trial. The Court previously granted a generous continuance to see if Mr. Hart would be able to return to trial, but it appears that his overall health has worsened instead of improved. Mr. Hart recently reported to counsel for a co-defendant that his recovery will be somewhat extended and that he cannot return in the near future to the current trial. The Court finds that at this stage, a lengthy, indeterminate continuance would not be fair to the remaining defendants or the government. Such a continuance could be for an extended period and Mr. Hart still may not be able to return to trial.

The Court considered appointing one of the other five defense attorneys in this trial to represent Mr. Harris, but finds that this option is not feasible. Government counsel represents that none of the five defense attorneys could jointly represent Mr. Harris without a conflict of interest. The Court has some doubt about the government's blanket assertion of a conflict, but finds that practically it would be too difficult for one of the current attorneys to represent both clients effectively. Mr. Cornwell, experienced counsel for a co-defendant, stated that he could not fathom being able to adequately represent his own client and Mr. Harris for the remainder of trial. Two other defense attorneys concurred with this assessment. In light of these concerns, the Court finds

that appointing one of the other defense attorneys to jointly represent Mr. Harris is not a viable alternative.

The Court considered appointing Mr. Bartee of the Federal Public Defender's Office, but declines to do so because another attorney in that office represents one of the witnesses who is expected to testify in this trial. The Court appointed Mr. Bartee in October of 2013 for the limited purpose of consulting with Mr. Harris and his counsel in determining how to proceed in light of Mr. Hart's illness. In light of the actual conflict and the expected delay to allow Mr. Bartee to become familiar with the facts of this case and the defense strategy to date, the Court declines to appoint Mr. Bartee.[1]

Other factors suggest that a mistrial is necessary. The events surrounding Mr. Hart's illness were obviously beyond the control of the prosecutor, defense counsel or trial judge. See Walck v. Edmondson, 472 F.3d 1227, 1236 n.5 (10th Cir. 2007) (list of factors) (quoting 5 Wayne R. Lafave et al., Criminal Procedure § 25.2(c) n. 18 (2d ed. 1999)). No party has suggested and the Court cannot find an alternative which would cure the possible prejudice to defendant. See Walck, 472 F.3d at 1236 n.5. The evidence presented by the prosecution so far does not suggest a weakness in the prosecution's case. See id. Defendant does not argue and the record does not suggest that a mistrial will benefit the prosecution. Cf. Gori v. United States, 367 U.S. 364, 369 (1961) (in light of historical abuses against which Double Jeopardy Clause guards, trial judge must tread with special care where mistrial would "help the prosecution, at a trial in which its case is going badly, by affording it another, more favorable opportunity to convict the accused").

---

[1] Likewise, with the expected delay to allow a new attorney to become familiar with the facts of this case and the defense strategy to date, the Court declines to appoint another attorney to represent Mr. Harris.

For the above reasons, the Court finds that a mistrial as to Mr. Harris is manifestly necessary. A new trial as to Mr. Harris is set for March 3, 2014. **On or before December 23, 2013, Mr. Hart shall notify the Court whether he anticipates that he will be able to continue to represent defendant.** Based on the circumstances related to Mr. Hart's illness, the Court finds that a trial setting of March 3, 2014 is necessary to allow defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv). The Court further finds that the ends of justice served by extending the speedy trial deadline outweigh the interests of the public and defendant in a speedy trial.

**IT IS THEREFORE ORDERED that a mistrial is declared as to Thomas Harris. The trial of Thomas Harris, Julio Lopez-Munoz (D. Kan. No. 13-20037-01) and Nolberto Garcia (D. Kan. No. 12-20066-18) is set for trial on March 3, 2014 at 8:00 a.m.**

**IT IS FURTHER ORDERED that as to Thomas Harris, the delay caused by this new trial setting – from December 2, 2013 to March 3, 2014 – shall be excludable pursuant to 18 U.S.C. § 3161(h)(7)(A).**

Dated this 2nd day of December, 2013, at Kansas City, Kansas.

                                                s/ Kathryn H. Vratil
                                                KATHRYN H. VRATIL
                                                United States District Judge